IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| BARRY MICHAEL DRIVER, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-CV-5008-SW-DGK |
| | ) | |
| ALLIANCE ONCOLOGY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS THREE COUNTS

Plaintiff Barry Michael Driver, M.D. ("Driver"), alleges that Defendant Alliance Oncology, LLC ("Alliance"), withheld contractually due payments. He brings four common law claims.

Now before the Court is Alliance's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 3). Holding that Counts I, III, and IV fail to state any claim against Alliance, the Court GRANTS the motion.

### Background

For the purposes of deciding this motion, the Court accepts as true the following facts alleged in the Complaint:

Driver is a physician residing in Jasper County, Missouri. In 1995, Driver entered an agreement ("the Agreement") to provide radiation oncology services to Thomas A. Minetree Ltd. In the succeeding years Thomas A. Minetree, Ltd., apparently transferred its rights and obligations to Bethesda Resources, Inc., because in 2002 Driver executed an addendum to the Agreement ("the Amended Agreement") with Bethesda Resources, Inc.

In 2007, Bethesda Resources, Inc., assigned its rights and obligations under the Amended Agreement to Alliance. Under the Amended Agreement, Alliance agreed to quarterly pay Driver nineteen percent of "all collected revenue," minus his base compensation of $260,000 per year.

Driver discovered in late 2013 that Alliance had collected fees for his professional services, yet failed to pay him nineteen percent of those fees. Because Driver lacks access to Alliance's finances, he does not know exactly how long Alliance has improperly withheld his compensation or the exact amount he is due. He estimates that Alliance has withheld his compensation since 2007 and that the amount due exceeds $100,000. Alliance refuses to allow Driver to review its finances to ascertain exact amounts.

Driver filed a four-count Complaint in this Court, invoking its diversity jurisdiction.[1] The Complaint alleges claims of accounting (Count I), breach of contract (Count II), breach of fiduciary duty (Count III), and "unjust enrichment/quantum meruit" (Count IV). Alliance moves to dismiss all but Count II.

**Standard**

Alliance moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss part of the Complaint. A complaint must meet two conditions to survive a Rule 12(b)(6) motion. First, it must "contain sufficient factual matter, accepted as true, to state a claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] The Court initially doubted whether it could exercise jurisdiction over this case because the parties' citizenships were unclear (Doc. 14 (ordering supplemental briefing)). *See* 28 U.S.C. § 1332(a)(1). Having reviewed Driver's response (Doc. 17), the Court is satisfied that the parties' citizenships are diverse. *See id.*

2

Second, the complaint must state a claim for relief that is plausible. *Iqbal*, 556 U.S. at 678. A claim is plausible when "the court may draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The court generally ignores matters outside the pleadings, but "[w]here, as here, the claims relate to a written contract that is part of the record in the case, [the court] consider[s] the language of the contract when reviewing the sufficiency of the complaint." *Id.* (internal quotation marks omitted). Even though neither the Agreement nor the Amended Agreement is part of the Complaint, the Court will consider them because they are attached to the parties' briefing. *See id.*

### Analysis

Alliance seeks to dismiss three counts, for accounting, breach of fiduciary duty, and "unjust enrichment/quantum meruit," each of which arises under Missouri law. The Complaint fails to properly plead each of these counts.

**I. Because the Complaint fails to allege that Alliance owed Driver fiduciary duties, the Court dismisses the claims for accounting and breach of fiduciary duty.**

Alliance argues that Count I and Count III each fail to state a claim on the same ground. Count I asserts a claim for equitable accounting, which is a court-ordered review of a fiduciary's financial and business records. *Estate of Merriott v. Merriott*, 439 S.W.3d 259, 264 (Mo. Ct. App. 2014). Count III is a breach of fiduciary duty claim. Each claim requires the plaintiff to plead the existence of a fiduciary relationship between him and the defendant. *Dahlberg v. Fisse*, 40 S.W.2d 606, 609 (Mo. 1931) (accounting); *W. Blue Print Co. v. Roberts*, 367 S.W.3d 7,

15 (Mo. 2012) (breach of fiduciary duty).  Alliance claims that Driver has failed to plead that they have a fiduciary relationship.

The existence of a fiduciary duty is a context-specific question of law.  *W. Blue Print Co.*, 367 S.W.3d at 15.  A fiduciary duty "may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former."  *Hibbs v. Berger*, 430 S.W.3d 296, 312–13 (Mo. Ct. App. 2014) (internal quotation marks omitted).  Accordingly, "the ultimate question is whether or not trust is reposed with respect to property or business affairs of the other."  *Id.* at 313 (internal quotation marks omitted).  The Missouri Court of Appeals has twice held that a fiduciary relationship does not arise simply because a company agreed to pay its contractors or employees a percentage of the revenue their work generated.  *Shaner v. Sys. Integrators, Inc.*, 63 S.W.3d 674, 678 (Mo. Ct. App. 2001); *Bossaler v. Red Arrow Corp.*, 897 S.W.2d 629 (Mo. Ct. App. 1995).

Here, Driver did not place a special trust in Alliance to hold any readily identifiable property.  Alliance billed Driver's patients directly.  Patients owed Alliance, not Driver, so the payments they remitted belonged only to Alliance.  Between the time the patients paid Alliance and the time it paid him quarterly, Driver did not place any trust in Alliance to manage, control, or make any decisions about the money for his benefit.

The only obligation Alliance had with respect to the money was to apply a contractual formula four times per year and then pay him that amount.  Under this scheme, Driver might not be entitled to the nineteen-percent commission in a particular quarter.  If patient revenue failed to exceed Driver's quarterly-prorated salary in any given quarter, then Alliance did not need to pay him a commission.  The gross amount of commissions due "is necessarily an aggregate, after-

4

the-fact calculation that could not possibly give [Driver] any direct claim to any funds at the time the customers paid [Alliance] for the services rendered." *Shaner*, 63 S.W.3d at 678.

By allegedly failing to pass along a percentage certain of those payments, Alliance withheld its own money, not money it held in trust for Driver. *See Hibbs*, 430 S.W.3d at 312–13; *cf., e.g.*, *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 394–95 (Mo. Ct. App. 1998) (explaining that an agent is a principal's fiduciary because an agent can affect the legal relations of the principal). Just as in *Shaner* and *Bossaler*, Alliance and Driver had at most a debtor-creditor relationship, not a fiduciary relationship. *See Shaner*, 63 S.W.3d at 678; *Bossaler*, 897 S.W.2d at 631.

Counts I and III fail to plead that the parties hold a fiduciary relationship, and so must be dismissed. *See Dahlberg*, 40 S.W.2d at 609; *W. Blue Print Co.*, 367 S.W.3d at 15.

**II. Because an express contract existed, Driver cannot state a quasi-contractual claim.**

Count IV alleges a quasi-contractual claim that alternately seeks remedies of unjust enrichment and quantum meruit. Missouri law does not recognize a quasi-contractual claim based on the terms of an express contract. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 854 (8th Cir. 2014) (Missouri unjust enrichment law); *Banner Iron Works, Inc. v. Amax Zinc Co.*, 621 F.2d 883, 889 (8th Cir. 1980) (Missouri quantum meruit law).

The crux of Driver's claim is that Alliance has withheld money due to him under the Amended Agreement. Because this claim arises from an express contract, Driver's quasi-contractual claim fails. *See Topchian*, 760 F.3d at 854; *Banner Iron Works*, 621 F.2d at 889.

Driver argues that he has pled Count IV in the alternative, so the Court cannot adversely consider his allegation in other counts that a contract existed. Although a pleading may set out alternative claims, Fed. R. Civ. P. 8(d)(2)–(3), an alternative claim is still subject to dismissal if it fails to state a cause of action, *see* Fed. R. Civ. P. 8(a)(2), 12(b)(6). Here, the record includes

5

the contracts at issue and the Complaint strongly intimates that a contract existed. The Complaint does not suggest that the contracts were void or otherwise unenforceable. Therefore, the Court rejects as implausible any newly contrived allegation that no contract existed. *See Iqbal*, 556 U.S. at 678. Without the benefit of such an allegation, the Complaint cannot state a quasi-contractual claim, even in the alternative. *See Afremov v. Jarayan*, Civil No. 11-313 (SRN/SER), 2012 WL 1049739, at *5 n.5 (D. Minn. Mar. 28, 2012).

Count IV is dismissed.

## Conclusion

In view of the foregoing, Alliance's motion to dismiss (Doc. 3) is GRANTED. Counts I, III, and IV are dismissed without prejudice.

**IT IS SO ORDERED.**

  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:  July 14, 2015